UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS R.,[1]

                                       Plaintiff,           Case # 20-CV-6257-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.
_____

## INTRODUCTION

Plaintiff Luis R. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In May 2017, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 60. He alleged disability since February 2017 due to complications from a fractured spine and two broken legs, and anxiety. *Id.* In September 2019, Administrative Law Judge Michael W. Devlin ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 8-23. In February

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

1

2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-5. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2017, his application date. Tr. 13. At step two, the ALJ found that Plaintiff had the following severe impairments: status post a fracture injury to his right ankle that required pinning; status post open reduction and internal fixation of his left tibia and fibula; and an unspecified anxiety disorder. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with additional limitations. Tr. 15. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 18. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 18-19. The ALJ therefore found that Plaintiff was not disabled. Tr. 19.

### II. Legal Standard

"When determining a claimant's RFC, an ALJ must evaluate every medical opinion received, '[r]egardless of its source.'" *Anna T. v. Commissioner*, No. 19-CV-1524-LJV, 2021 WL 810014, at *2 (W.D.N.Y. March 3, 2021) (citing 20 C.F.R. § 404.1527(c)). "[B]efore an ALJ may deny a claimant's application, the ALJ must confront the evidence in the claimant's favor and explain why it is was rejected." *Id.* (citation, internal quotation marks, and alterations omitted).

"The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." *Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL

706645, at *4 (N.D.N.Y. Feb. 22, 2021).  "According to the new regulations, the Commissioner will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Id.* (internal quotation marks omitted); *Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules")*, 82 Fed. Reg. 5844, at 5867–68 (Jan. 18, 2017);  20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'"  *Raymond M.* 2021 WL 706645, at *4 (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'"  *Id.*  However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion." *Id.*  Of the five factors the ALJ is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important." *Raymond M.* 2021 WL 706645, at *4 (citing *Revisions to Rules*, 82 Fed. Reg.  at 5853).

**III.   Analysis**

Plaintiff argues that remand is warranted on three grounds: (1) the ALJ purported to find certain medical opinions persuasive but then deviated from them without explanation, ECF No. 12-1 at 11-17; (2) the ALJ impermissibly based portions of the RFC on his own lay interpretation of the medical evidence, *id.* at 17-19; and (3) the ALJ impermissibly relied on a vague medical opinion, *id.* at 19-21.  Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

Plaintiff argues that the ALJ erred, *inter alia*, when he failed to explain why his RFC finding conflicted with the opinion of Dr. Toor—which the ALJ found to be "generally persuasive." *Id.* at 11-17. Toor is a medical doctor and was one of Plaintiff's consultative examiners. In July 2017, he conducted an internal medicine examination and provided a medical source statement in which he opined, *inter alia*, that Plaintiff had moderate to marked limitations standing, walking, bending, lifting, and carrying, and a moderate limitation sitting for a long time. Tr. 271-74. In discussing Toor's opinion, the ALJ noted Toor's examination findings that Plaintiff had "moderate to marked limitation standing, walking, bending, lifting, and carrying and moderating limitation sitting a long time." *Id.* The ALJ found this opinion persuasive "since it is generally consistent with the record and the findings elicited on the examination and is supported by the overall evidence." *Id.*

On appeal, Plaintiff argues that the ALJ's RFC finding failed to include Toor's findings and that this was reversible error. ECF No. 12-1 at 12-13. More specifically, Plaintiff asserts that the ALJ "failed to explain why he rendered an RFC that was inconsistent with Dr. Toor's opinion." *Id.* at 13. The ALJ's RFC finding indicated the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight hour day; sit about six hours in an eight hour day; occasionally push and/or pull 10 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes or scaffolds; understand, remember, and carry out simple instructions and tasks; frequently interact with co-workers and supervisors; can have frequent contact with the general public; able to work in a low stress work environment (i.e. no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

Tr. 15.

Plaintiff argues that the ALJ's findings are inconsistent with Toor's opinion in that: (1) the RFC found that Plaintiff could occasionally stoop and crouch but Toor opined Plaintiff had moderate to marked limitation in bending;[3] (2) the RFC found that Plaintiff could frequently lift and/or carry less than ten pounds and occasionally lift and/or carry ten pounds, while Toor opined that Plaintiff had moderate to marked limitation in lifting and carrying; and (3) the RFC found that Plaintiff could sit "about six hours in an eight hour day" but Toor opined that Plaintiff had a moderate limitation regarding sitting for a long time. ECF No. 12-1 at 13-14.

In response, the Commissioner argues that "a reasonable factfinder could interpret Dr. Toor's opinion as fully supporting the ability to perform sedentary work" and that "the Second Circuit has repeatedly recognized that an RFC finding need not track any medical opinion." ECF No. 17-1 at 6-7 (citation omitted). While the Commissioner is correct that the RFC finding need not track any medical opinion, an ALJ still must "construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached." *Smith v. Comm'r of Soc. Sec.*, No. 19-CV-6194-LJV, 2020 WL 4904956, at *3 (W.D.N.Y. Aug. 19, 2020) (remanding where medical opinion found plaintiff was "moderately to markedly limited in standing, walking, lifting, or carrying, . . . but the ALJ did not explain how that led him to conclude that [plaintiff] could lift [and] carry . . . ten pounds frequently and twenty pounds occasionally, let alone occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl." (citations & internal quotation marks omitted)).

Indeed, it is the ALJ's failure to connect Toor's opinion with the more specific findings of the RFC that is problematic. For example, while Toor opined that Plaintiff had a moderate limitation regarding sitting for a long time, the ALJ concluded that Plaintiff could sit "about six

---

[3] As Plaintiff notes, the Commissioner's regulations equate bending of the spine to stooping, and bending of the spine and legs to crouching. ECF No. 12-1 at 14 (citing 20 C.F.R. § 416.967(a)).

7

hours in an eight hour day." The ALJ failed to explain how Toor's opinion translated into such a specific RFC finding. As such, Torr's opinion could not provide the basis for such a specific conclusion. *See Britt v. Comm'r of Soc. Sec.*, No. 19-CV-6451-LJV, 2020 WL 5077020, at *3 (W.D.N.Y. Aug. 27, 2020) (remanding where medical opinion found plaintiff "was moderately limited in sitting a long time[,]" but the RFC determination failed to explain "why[ ] the ALJ found that [plaintiff] could sit for six hours out of an eight-hour work day." (citations & internal quotation marks omitted)).

Notably, Dr. Toor's opinion was the only medical opinion in the record regarding Plaintiff's physical functional capacity. Thus, regardless of whether Toor's opinion is inconsistent or consistent with the RFC, "the ALJ's fail[ure] to explain his reasoning either linking the opinion to, or providing an alternative basis for, the RFC . . . frustrates this Court's efforts to assess the validity of the agency's ultimate findings and afford [Plaintiff] meaningful judicial review." *Smith*, 2020 WL 4904956, at *3 (citations and internal quotation marks omitted). "[T]he absence of a properly grounded RFC constitutes legal error that requires remand regardless of any underlying raw data." *Id.* (alteration in original) (citation omitted). Accordingly, the Court remands this case so that the ALJ may address the deficiencies noted above.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 12, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 16, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York